UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
FLINT DIVISION

| | |
|---|---|
| NYLA DALRYMPLE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:17-cv-14185 |
| SIRIUS XM RADIO INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes NYLA DALRYMPLE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SIRIUS XM RADIO INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, the Michigan Home Solicitations Sales Act ("HSSA") under M.C.L. § 445.111 *et seq.*, and the Michigan Consumer Protection Act ("MCPA") under M.C.L. § 445.901 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 73 year-old natural person residing at 6738 North Webster Road, Flint, Michigan, which is located within the Eastern District of Michigan.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant provides satellite radio and online radio services to consumers across the United States. In order to generate subscribers, Defendant advertises its products through the use of telephone solicitation. Defendant's registered agent is located at 111 8th Avenue, 13th Floor, New York, New York.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately August 2017, Plaintiff began receiving calls to her cellular phone, (810) XXX-2432, from Defendant.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2432. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Plaintiff was unaware as to why Defendant was contacting her, as she does not subscribe to Defendant's services.

12. Defendant has mainly called Plaintiff's cellular phone using the phone number (877) 512-2511, but upon belief, it has used other numbers as well.

13. Upon information and belief, the above phone number ending in 2511 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting.

14. When Plaintiff answers calls from Defendant, she experiences a pre-recorded message before she is connected with one of Defendant's live representatives.

15. Upon speaking with one of Defendant's representatives, Plaintiff was solicited to subscribe to Defendant's services.

16. Plaintiff informed Defendant's representative that she was not interested in Defendant's services, and demanded that Defendant stop contacting her.

17. Despite Plaintiff's demands, Defendant continued to systematically call her cellular phone well into the fall of 2017.

18. Plaintiff has received not less than 31 phone calls from Defendant after demanding that it stop contacting her.

19. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

20. Defendant's phone calls have caused Plaintiff a great deal of stress, as Plaintiff's husband was in the hospital and every time Defendant called Plaintiff's cellular phone, she became worried that it was the hospital contacting her about her husband's condition.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $53.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted telephone solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

25. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The automated message that Plaintiff experiences upon answering Defendant's calls is instructive that an ATDS is being used to generate the phone calls. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

26. Defendant violated the TCPA by placing at least 31 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff does not have any business relationship with Defendant nor has she ever given it permission to call her cellular phone. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by her demands that it cease contacting her.

27. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

28. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, NYLA DALRYMPLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN HOME SOLICITATION SALES ACT

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "person" as defined by M.C.L. § 445.111(k).

31. Defendant's calls to Plaintiff are "telephone solicitation[s]" as defined by M.C.L § 445.111(m) as they are voice communications over a telephone made for the purpose of encouraging Plaintiff to purchase, rent, or invest in Defendant's goods or services.

32. Defendant is a "telephone solicitor" as defined by M.C.L. § 445.111(n) as it is a person doing business in Michigan who makes or causes to be made telephone solicitations from within or outside Michigan.

33. The HSSA, under M.C.L. § 445.111c(1)(g), provides that it is a violation of the Act for a telephone solicitor to "[m]ake a telephone solicitation to a consumer in this state who has requested

that he or she not receive calls from the organization or other person on whose behalf the telephone solicitation is made."

34. Defendant violated M.C.L. § 445.111c(1)(g) by continuing to place solicitation calls to Plaintiff's cellular phone after Plaintiff had demanded that such calls cease. Plaintiff explicitly requested that she no longer receive calls from Defendant. As such, by continuing to place calls attempting to solicit Plaintiff's business after such requests were made, Defendant violated the HSSA.

WHEREFORE, Plaintiff, NYLA DALRYMPLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.111c(3);

c. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.111c(3);

d. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.111c(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE MICHIGAN CONSUMER PROTECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" as defined by M.C.L. § 445.902(1)(d).

37. Defendant's conduct involves "trade and commerce" as defined by M.C.L. § 445.902(1)(g) as it is conduct of a business providing services primarily for personal, family or household purposes, including the solicitation of such services.

38. The MCPA, under M.C.L § 445.903, provides that "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce are unlawful . . . ." The MCPA

then provides an extensive list of specific unfair, unconscionable, and deceptive conduct constituting violations of the MCPA.

39. As illustrated below, Defendant violated several of those specific provisions.

### a. Violations of M.C.L. § 445.903(1)(b)

40. The MCPA, pursuant to M.C.L. § 445.903(1)(b), prohibits an entity from "[u]sing deceptive representations . . . in connection with goods or services."

41. Defendant violated M.C.L. § 445.903(1)(b) when it used deceptive means to attempt to solicit Plaintiff's business. Defendant was placing solicitation calls to Plaintiff's cellular phone after being told to stop calling. Through its conduct, Defendant deceptively represented to Plaintiff that it had the legal ability to contact her via an automated system when, not only did it not have consent to place such calls in the first place, but was also subsequently told to stop calling.

### b. Violations of M.C.L. § 445.903(1)(n)

42. The MCPA, pursuant to M.C.L. § 445.903(1)(n) prohibits an entity from "[c]ausing a probability of confusion of or misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction."

43. Defendant violated M.C.L. § 445.903(1)(n) when it continued to call Plaintiff using an automated system absent consent. Through its conduct, Defendant represented to Plaintiff that, notwithstanding Plaintiff's lack of consent to receiving its calls as well as her demands that it cease calling, Defendant maintained the lawful ability to continue calling. Such conduct caused a probability of confusion as to Plaintiff's legal rights, as such conduct suggests that Plaintiff could not get Defendant's calls to stop merely by asking. However, under both the TCPA and Michigan law, Defendant was obligated to cease attempts at soliciting Plaintiff's business using an automated system after consent for such calls had been explicitly revoked. By continuing to call

in defiance of Plaintiff's demands, Defendant caused a probability of confusion as to Plaintiff's legal rights to have the solicitation calls stop.

### c. Violations of M.C.L. § 445.903(1)(gg)

44. The MCPA, pursuant to M.C.L. § 445.903(1)(gg), provides that it is a violation of the MCPA to violate the HSSA.

45. As illustrated above, Defendant violated the HSSA by continuing to solicit Plaintiff's business after Plaintiff demanded that such calls cease. Therefore, Defendant's conduct also constitutes a violation of the MCPA.

WHEREFORE, Plaintiff, NYLA DALRYMPLE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from continuing its conduct, pursuant to M.C.L. § 445.911(1)(b);

c. Awarding Plaintiff actual damages, pursuant to M.C.L. § 445.911(2);

d. Awarding statutory damages of at least $250.00, pursuant to M.C.L. § 445.911(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.911(2);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 27, 2017                                       Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com